**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TOMAS JESUS MADRAZO-BESTARD,

Petitioner,

v. Case No. 3:26-cv-1656-WWB-LLL

WARDEN, BAKER CORRECTION INSTITUTE, et al.,

Respondents.

---

**ORDER**

Petitioner, an immigration detainee, initiated this action, with help from counsel, by filing a Petition for Writ of Habeas Corpus. (Doc. 1). The crux of the Petition is that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), which entitles him to a bond hearing. (*See generally id.*). As relief, he asks the Court to direct Respondents to provide him with an individualized bond hearing or direct his immediate release. (*Id.* at 19).

Federal Respondents filed a Response acknowledging that under *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), Petitioner is detained under § 1226 and entitled to a bond hearing. (Doc. 5). According to Federal Respondents, however, since Petitioner has not requested a bond hearing before an immigration judge ("**IJ**"), his Petition should be denied for failure to exhaust his administrative remedies. (Doc. 5).

On September 3, 2026, Petitioner filed a Notice advising that after filing the Petition, he requested a custody redetermination with an IJ. (Doc. 9). According to Petitioner, he received a bond hearing on August 21, 2026, and after receiving evidence

at the hearing, the IJ denied Petitioner's request for bond, finding Petitioner to be a flight risk. (*Id.* at 1–2). Petitioner now challenges the merits of that August 21, 2026 bond hearing. (*See generally id.*).

But because Petitioner received the bond hearing he sought when filing this action, the Court finds the Petition to be moot.[1] To the extent Petitioner disagrees with the outcome of the bond hearing, he may appeal the IJ's decision to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.1(b)(7). Or he may seek a new bond hearing if he can demonstrate a material change in circumstances since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED as moot.**
2. The Warden's Motion to Dismiss (Doc. 6) is **DENIED as moot**.
3. The Clerk is **DIRECTED** to enter judgment dismissing the Petition as moot, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on September 8, 2026.

[1] Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Counsels of Record